Merrimack,
Jan. 1, 1918.

BAHRE TOPORE, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

A rule of a railroad relating to the operation and speed of trains in passenger stations only, and applicable only when a passenger train is in a station, was intended solely to protect the traveling public and a violation thereof is not evidence of a breach of duty to the railroad's employees.

Where a rule limited the speed of all trains entering a passenger station and was not applicable exclusively to the protection of passengers, the question was properly submitted to the jury whether the rule was intended for the protection of the railroad's employees.

The admission implied from the existence of a rule regulating conduct toward a certain class of persons using dangerous premises, that those precautions are necessary for their protection, is not an admission that the same precautions are needed to protect persons of another class, though using the same premises.

CASE, under the federal employers' liability act, to recover damages for injuries resulting in the death of the plaintiff's intestate, Doud Muslin, being the same case reported *ante*, 311. Trial by jury and verdict for the plaintiff. The accident occurred at the southerly end of the passenger station in Concord, the decedent being struck by a train coming from the south at a high rate of speed. He had just jumped from the engine of a south bound passenger train. Employees were likely to be in that vicinity, and the incoming train gave no warning whistle.

Subject to exception, the plaintiff put in evidence the following rule of the defendant: "Trains must not enter or pass a station when occupied by another train receiving or discharging passengers except in case of emergency, when protection is given by trainmen or station men, in which case speed must not exceed four (4) miles per hour. In absence of signals from men on ground, trains must not pass until the entire train has cleared the station platform."

It also appeared in evidence that at a point on the station platform about 100 feet southerly of the end of the station there was a notice limiting the speed of north bound trains to eight miles an hour.

Subject to exception, the jury were instructed that they might find that these regulations were made for the benefit of employees, and that a violation thereof constituted actionable negligence. There were also other exceptions to a refusal to give requested instructions, which sufficiently appear in the opinion. Transferred from the April term, 1917, of the superior court by *Chamberlin*, C. J.

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J. The principal controversy in this case is over the admission in evidence, and the use thereafter made of certain rules established by the defendant, relating to the speed and operation of trains in passenger stations. It is claimed on behalf of the plaintiff that the rules were made for the protection of employees as well as passengers. It is said that this could be found because the evidence showed that the yard at that station is congested, and that the employees need protection. But a rule made to promote this end should and undoubtedly would apply to the whole yard, or the whole of the congested district, or to all occasions. The fact that the printed rule relates to passenger stations alone, and applies only when there is a passenger train in the station is conclusive that the protection of the traveling public was all that the rule was intended to provide for.

The rule being established solely for the protection of the traveling public, a mere violation thereof is not evidence of a breach of duty to employees. The inference of negligence from proof of the establishment of a rule and its subsequent violation, is drawn from the implied admission which is found in the fact that the defendant made the rule. In the present case the question as to the evidence is not whether the rule was needed for the protection of employees, but whether the defendant has admitted that such is the fact. When an employer makes a rule for the protection of employees, it admits the reasonable necessity for the conduct thereby prescribed. A violation of the rule can be found to be negligent conduct on the strength of this admission. The defendant is not in a position to assert that the rule it has made is not necessary, or that a disregard of it may not be found to be negligence. *Wallace* v. *Railroad*, 72 N. H. 504, 512.

But the finding of negligence because of such admission cannot go beyond what is admitted. Evidence that an employer made a rule that warning should be given to inexperienced employees would not be an admission that such warning was needed for the protection of those set to warn or instruct the inexperienced. So in this case, evidence that the defendant admitted by the rule that certain pre-

cautions were reasonably necessary for the protection of passengers using station platforms, was not an admission that the same precautions were needed to protect employees.

The jury were instructed that they were to find whether the rules were made for the protection of the defendant's servants, and that "the running of trains in violation of the rules of the railroad and against instructions would be evidence of negligence or carelessness, and if accidents occurred because of that negligence or violation of the rules, you might be warranted in finding the defendant negligent." As there was no evidence to warrant a finding that the purpose of the printed rule was to protect the plaintiff's decedent, and as the making of a rule for the protection of others was not evidence from which an admission of reasonable cause for certain conduct toward him could be found, the verdict must be set aside for error in the foregoing instruction.

As the case was tried, it was also error to admit this rule in evidence for any purpose. If the plaintiff had claimed that it was the custom to obey the rule, and that the defendant thus led its employees to believe that such would be the course of business, the rule might be competent evidence tending to prove the custom. But the plaintiff tried his case upon a different theory. His claim was that it was the practice to run the north bound trains into the station at a high rate of speed. In this posture of the case, the only importance of this rule to him was that its violation evidenced a breach of a duty owed to employees. His position at the trial and now is that the rule was established for the benefit of his decedent. As the evidence offered had no legitimate tendency to prove this fact, the defendant's objection to its reception should have been sustained.

The notice limiting the speed of all north bound trains to eight miles an hour stands differently. This was received in evidence without objection, and the question relating to it arises on the exception to the instruction to the jury, heretofore quoted. This regulation was general in its character. It applied to all trains that were permitted to enter the station; and there is nothing to show conclusively that it was intended solely for the protection of passengers who might chance to be on the premises when there was no passenger train there. Under these circumstances, it was not error to submit to the jury the question whether this rule was intended for the protection of employees.

Other exceptions to the refusal to give instructions to the jury

involve in one way and another the proposition that negligence in the operation of the incoming train could not be found from the evidence. The requests were rightly denied. There was evidence that the train came in at what well might be found to be an excessive rate of speed, considering the danger to employees, and that a more efficient warning of its approach might and should have been given. .

The remaining requests state undisputed propositions of law, and the only controversy as to them is whether they are fairly included in the charge as given. As there must be a new trial in any event, it does not seem necessary or advisable to consider the questions thus presented.

*Verdict set aside.*

All concurred.